UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CATHERINE CONCEPCION,<br>Plaintiff,<br>-against-<br>UNITED STATES OF AMERICA and UNITED STATES POSTAL SERVICE,<br>Defendants. | **ORDER**<br><br>26-CV-03035 (PMH) |

PHILIP M. HALPERN, United States District Judge:

On July 17, 2026, the Court directed Plaintiff to prove that service had been effectuated on Defendants United States of America and United States Postal Service by July 13, 2026, in accordance with Federal Rule of Civil Procedure 4(m). (Doc. 7). Plaintiff did not file any affidavit of service indicating that service was effectuated on Defendants United States of America and United States Postal Service. Instead, Plaintiff filed a letter on July 20, 2026 requesting an additional thirty days to effectuate service and indicating that, at the time she commenced this lawsuit, Plaintiff had not exhausted her administrative remedies. (Doc. 8).

Plaintiff has not shown good cause for her failure to effectuate service. "[C]ourts have ruled that 'mistake or inadvertence of counsel . . . does not constitute "good cause" justifying failure to effect timely service of process.'" *Moultry v. City of Poughkeepsie*, 154 F. Supp. 2d 809, 812 (S.D.N.Y. 2001) (quoting *Mejia v. Castle Hotel, Inc.*, 164 F.R.D. 343, 345 (S.D.N.Y. 1996)). Here, Plaintiff's only proffered reason for the delay in effectuating service is her counsel's realization that her administrative remedies were not exhausted prior to filing suit. (*See* Doc. 8). Notably, it appears that Plaintiff filed suit knowing that she had not exhausted her administrative remedies. Plaintiff states, in her letter, that "on January 9, 2026, medical records were furnished with the understanding that I would be required to wait for an administrative denial of the claim or at least

six (6) months from the date of submission before a lawsuit could be pursued." (*Id.*). Plaintiff filed the instant lawsuit on April 14, 2026. (Doc. 1). Accordingly, Plaintiff has failed to show good cause for her failure to effectuate service under Rule 4(m).

Consequently, Plaintiff's case must also be dismissed because she admits that, at the time she filed suit, she had not exhausted her administrative remedies. (Doc. 8). "Under the FTCA, a claimant must exhaust all administrative remedies with the appropriate federal agency *prior to filing* a complaint in federal district court." *Porter v. Hirsch*, 345 F. Supp. 2d 400, 403 (S.D.N.Y. 2004) (emphasis added). The exhaustion requirement "is jurisdictional, and failure to exhaust administrative remedies prior to bringing a claim under the FTCA divests the district court of subject matter jurisdiction over that claim." *Id.*

Accordingly, this case is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and for Plaintiff's failure to exhaust administrative remedies prior to filing suit.

The Clerk of Court is respectfully directed to terminate the pending motion at Doc. 8 and close this case.

**SO ORDERED.**

Dated: White Plains, New York
July 22, 2026

Philip M. Halpern
United States District Judge